U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 13 2008

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **CARL DENNIS DALE** | **CIVIL ACTION NO. 07-1365**<br>**SECTION P** |
| VS. | **JUDGE MINALDI** |
| **TIMOTHY WILKINSON, WARDEN** | **MAGISTRATE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on August 16, 2007 by *pro se* petitioner Carl Dennis Dale. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, currently incarcerated at the Winn Correctional Center, Winnfield, Louisiana, where he is serving a 25-year sentence for attempted murder. This matter was referred to the undersigned for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C). Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely.

### PROCEDURAL HISTORY

On June 6, 2002, petitioner was found guilty of attempted second degree murder. He was sentenced to serve 25-years at hard labor on August 15, 2002.

Through retained counsel, petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals. His conviction and sentence were affirmed on April 30, 2003 in an

unpublished opinion of the Third Circuit Court of Appeals. *State of Louisiana v. Carl Dennis Dale, III*, 2002-01344 (La. App. 3 Cir. 4/30/2003), 844 So.2d 429 (Table).[1]

On July 1, 2003 petitioner filed a *pro se* application for writs of in the Louisiana Supreme Court. Although Louisiana Supreme Court Rule X, § 5(a) requires that any writ seeking review of a lower court be filed within 30 days of the date the judgment was mailed by the lower court, petitioner alleged that he "... did not receive a copy of the ruling until June 4, 2003." On August 20, 2004 the Supreme Court denied petitioner's writs without comment. *State ex rel. Carl Dennis Dale, III v. State of Louisiana*, 2003-2002 (La. 8/20/2004), 882 So.2d 561. Petitioner did not seek further review in the United States Supreme Court. [doc. 1-1, paragraph 9(h)]

On May 13, 2005 petitioner filed a *pro se* application for post-conviction relief in the Thirty-Eighth Judicial District Court. On May 31, 2005 the application for post-conviction relief was denied.

On June 29, 2005, petitioner, again represented by counsel, applied for writs to the Third Circuit Court of Appeals. On September 21, 2005 those writs were denied in an unpublished order under the Third Circuit's Docket Number KW 05-00923.

On July 17, 2006 petitioner submitted a *pro se* application for writ of mandamus to the Louisiana Supreme Court, alleging tthat the Third Circuit had not responded to his petition for supervisory writs.[2] On August 15, 2006, petitioner's application for the writ of mandamus was

---

[1] Uniform Rules, Courts of Appeal, Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to ... all appeal counsel of record, and all parties not represented by counsel." In the absence of evidence to the contrary, it is assumed that the Third Circuit abided by its own rule and mailed a copy of the unpublished opinion to petitioner's appellate counsel on the date the opinion was rendered.

[2] On July 17, 2006 petitioner provided a copy of the application for writ of mandamus to the Clerk of the Third Circuit Court of Appeals. Therein he alleged, "petitioner's retained counsel claimed he filed a writ of

Page -2-

docketed in the Louisiana Supreme Court as Number 2006-KH-2007 and two days later the Court advised petitioner that he had "60 days from the date of this letter to file [his] writ application."

On September 27, 2006 petitioner submitted a writ application to the Louisiana Supreme Court that sought review of the Third Circuit's denial of petitioner's application for post-conviction relief under docket number KW 05-00923. On May 4, 2007 the writs were denied. *State of Louisiana ex rel. Carl D. Dale v. State of Louisiana*, 2006-2498 (La. 5/4/2007), 956 So.2d 601. On the same day, writs in his mandamus proceeding were also denied. *State of Louisiana ex rel. Carl D. Dale, III v. State of Louisiana*, 2006-2007 (La. 5/4/2007), 956 So.2d 609.

In the instant action, petitioner's undated petition for a writ of *habeas corpus* and memorandum brief were postmarked on August 15, 2007 and received and filed by this Court on August 16, 2007.[3] After initial review, this Court ordered petitioner to amend his petition to provide dated copies of his state court pleadings and the rulings thereupon. Petitioner filed his amended complaint on November 21, 2007.

## LAW AND ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner

---

supervisory review with this court on or about August 1, 2005. Counsel has since abandoned petitioner and petitioner has never heard from his counsel, or this court, whether his writ of review has ever been ruled upon. Petitioner wishes to know the status of his writ in order to know how to proceed." [doc. 4, p. 57]

[3] Under the "mailbox rule," see *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a *pro se* prisoner's pleading is deemed to have been filed on the date he handed the pleadings to prison officials for Here, petitioner's pleadings were not dated, therefore the earliest date that the pleadings could be said to have been filed is the date they were mailed. For the purposes of this Report, the postmark date will be considered the date of filing.

Page -3-

has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one-year period to run from "the latest of" either the date that the petitioner's state judgment became final or the expiration of his time for seeking review.[4] See 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. Thus, petitioner had one year from May 30, 2003, until May 30, 2004, to timely seek federal habeas corpus relief.

**Finality of Judgment**

Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A).[5] In the instant case, petitioner's judgment became final on May 30, 2003 when the time for seeking relief from the Louisiana Supreme Court expired 30 days after the Third Circuit Court of Appeal handed down its opinion.

Petitioner, however, implies that his application for writs from the Louisiana Supreme Court was timely, despite his failure to file until July 1, 2003. In support of this contention, petitioner states that he "did not receive a copy of the [April 30, 2003 Third Circuit Court of Appeal] ruling until June 4, 2003." In addition, in his amended complaint, petitioner asserts that Daryl Gold, Esquire, his counsel of record at the time, "concluded [his] representation of petitioner" on or about June 4, 2003, when Mr. Gold forwarded to petitioner a copy of the opinion of the Third Circuit Court of Appeal. Therefore, petitioner implies, the Third Circuit Court of Appeal failed to provide adequate notice because it "never informed petitioner of [its] denial, instead informing Mr. Gold assuming he would be continuing as petitioner's counsel."

---

[4] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[5] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

Petitioner's theory is unavailing. Even assuming that Mr. Gold terminated his representation before the Third Circuit Court of Appeal rendered its opinion—a conclusion neither supported nor contradicted by the text of Mr. Gold's letter—the question of when petitioner received notice is irrelevant to ADEPA's limitations; the key inquiry is the date on which the Third Circuit Court of Appeal mailed notice of its decision. La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:

> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the *mailing* of the notice of the original judgment of the court of appeal....

(emphasis added). Therefore, for purposes of determining the timeliness of petitioner's appeal, the limitations period began when the appeals court mailed its decision, not when the parties received notice. *See Trimble v. Employers Mut. Casualty. Co.*, 213 La. 644, 647, 35 So.2d 416, 417 (La. 1948) (explaining that "it has been uniformly held in a long line of cases that the [30-day period] commences to run from the date on which final action is taken by the Court of Appeal and not from the date on which the applicant or his counsel is notified of such action"); *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir.2000) (emphasizing that Louisiana Supreme Court Rule X, § 5(a), "sets out no specific exceptions to, or exclusions from, the [30-day-filing] requirement" and that the rule expressly "forbids any extension of the thirty-day limit").

Thus, it is necessary to determine when the Third Court of Appeal mailed notice of its April 30, 2003 opinion. In the absence of evidence to the contrary, this Court must presume that the Third Circuit Court of Appeal mailed copies of its unpublished opinion on April 30, as

required by its Uniform Rules.[6] It was to clarify this factual issue that this Court ordered petitioner to amend his complaint to provide evidence that the opinion was mailed on some date other than April 30, 2003. Having failed to supply such evidence, petitioner is unable to overcome the presumption that the Third Circuit mailed its opinion on April 30, 2003. Consequently, this Court finds that petitioner's July 1 application to the Louisiana Supreme Court was untimely[7] and his state court judgment became final for purposes of the AEDPA on May 30, 2003.

**Tolling the Limitations Period**

Although petitioner did not file the instant action until August 15, 2007, more than three years after his limitation period expired, his amended complaint also may be construed as an argument that his appeals and writ applications should toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). Under that provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, even when applying statutory tolling, any lapse of time <u>before</u> the proper filing of any subsequent state court application for post-conviction relief is counted against the one-year limitation period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir.1998)). When tolling, the limitations period is tolled only

---

[6] Uniform Rules, Courts of Appeal, Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to ... all appeal counsel of record, and all parties not represented by counsel." In the absence of evidence to the contrary, it is assumed that the Third Circuit abided by its own rule and mailed a copy of the unpublished opinion to petitioner's appellate counsel on the date the opinion was rendered.

[7] Because the writs were denied without comment, this Court cannot determine whether the Louisiana Supreme Court considered petitioner's application to have been timely filed.

for as long as the state post-conviction application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).

Even if petitioner is afforded the benefits of statutory tolling with regard to all filings subsequent to May 30, 2003, his federal petition would still be considered untimely. Using such a "best case scenario" calculation, the undersigned calculates the number of "un-tolled" days at 397, for the reasons that follow. As noted, the Third Circuit Court of Appeal denied petitioner's application on April 30, 2003. Therefore, his judgment of conviction became final on May 30 when he failed to appeal to the Louisiana Supreme Court within 30 days. A period of 31 days then elapsed before he filed his untimely July 1, 2003 writ application. At that point, the best case calculation would afford petitioner the benefits of statutory tolling for the period between July 1, 2003 (when his pleading was filed) and August 20, 2004 (when the Supreme Court ultimately denied writs). Thereafter, a period of 265 days lapsed un-tolled between the date that the Supreme Court denied his untimely writ (August 20, 2004) and the date he filed his Application for Post-Conviction Relief in the Thirty-Eighth Judicial District Court (May 13, 2005). This ultimate state court post-conviction proceeding remained pending until May 4, 2007 when the Supreme Court ultimately denied writs. Finally, another period of 101 days elapsed between the date petitioner's post-conviction proceeding ceased to be pending (May 4, 2007) and the date he filed his federal *habeas* petition (August 15, 2007). Thus, even under the best case calculation, roughly 397 days (31 plus 265 plus 101) elapsed un-tolled.

Consequently, because the AEDPA imposes a one-year limitation, petitioner is unable to successfully claim the benefits of statutory tolling.

**Equitable Tolling**

In rare and exceptional circumstances the AEDPA's one-year statute of limitations can be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing in the record supports the inference that petitioner was actively misled by the state of Louisiana or was prevented in some extraordinary way from asserting his rights.

To the extent that petitioner contends that his counsel's errors resulted in the untimeliness of his *habeas* petition, that claim warrants further consideration. On the one hand, "mere attorney error or neglect is not an extraordinary circumstance" which warrants equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). However, certain acts and omissions of counsel, when sufficiently detrimental to a petitioner's ability to timely file, are sufficiently extraordinary to trigger equitable tolling. *See Rodriguez v. Cain*, 2007 WL 4522497 (E.D.La. Dec 17, 2007) (holding that a *pro se* petitioner, allegedly injured by counsel's termination of representation, is entitled to equitable tolling); *Sledge v. Dretke*, 2005 WL 1017847 (N.D.Tex. Apr 26, 2005) (deciding that ineffective assistance of counsel that contributes to lapse of limitations period qualifies as an extraordinary circumstance); *Vineyard v. Dretke*, 125 Fed.Appx. 551 (5th Cir. 2005) (holding that equitable tolling warranted when an attorney affirmatively misinforms his client about the limitations period).

Petitioner's contention, broadly construed, is that at the time the Third Circuit Court of Appeal denied his application on April 30, 2003, petitioner was no longer represented by counsel

and therefore failed to receive timely notice of the denial. Petitioner's argument is unavailing for two reasons. First, despite having been given the opportunity to amend his complaint and supplement the record [see Doc. 3,] Petitioner is unable to demonstrate that he was not represented at the time in question, April 30, 2003 and the days immediately thereafter. The letter Petitioner offers to bolster his argument [Doc. 4, p. 10 (Ex. 1(A))] tends to disprove his contention. Dated June 4, 2003, the letter to Petitioner from Daryl Gold, Esquire mentions nothing about the status of the representation and, in keeping with its unremarkable businesslike nature, implies an ongoing attorney-client relationship. Petitioner himself appears to suggest that the relationship lasted beyond April 30, 2003 when he states "[t]he letter is dated June 4, 2003. . . [which] concluded Mr. Gold's representation of petitioner on direct review." [Doc. 4, p.1]. Considered in context, the letter fails to support Petitioner's implied argument that he was injured by counsel's ill-timed termination of representation.

    Second, to the extent that Petitioner appears to argue that Mr. Gold's June 3 notification was so untimely as to constitute ineffective assistance of counsel, the undersigned finds insufficient evidence in the record to agree. As discussed, there is nothing untoward or remarkable about the contents or the date of the letter from Mr. Gold. Furthermore, this single letter, which tends to suggest an ongoing attorney-client relationship, does little to prove or disprove Petitioner's contention that he was never informed of the Third Circuit's denial prior to receipt of counsel's letter of June 4. As discussed, mere attorney error or neglect does not rise to the level of extraordinary circumstance. For these reasons, the undersigned finds equitable tolling unwarranted.

## RECOMMENDATION

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of June, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE